UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

In re:

PRESTON TRUCKING CO., INC.,

            Debtor.

Case No. 99-59994-JFS
(Chapter 11)

---

PRESTON TRUCKING CO., INC.,

            Plaintiff,

   v.

LIQUIDITY SOLUTIONS, INC.,

and

AGUIRRE, Charles et al.,

and

THE TEAMSTERS NATIONAL FREIGHT INDUSTRY
NEGOTIATING COMMITTEE and TEAMSTERS LOCAL
UNIONS affiliated with the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,

            Defendants.

Adversary No. 01-5293

---

**ANSWER TO INTERPLEADER COMPLAINT AND AMENDED INTERPLEADER
COMPLAINT and CROSS CLAIM OF THE TEAMSTERS NATIONAL FREIGHT
INDUSTRY NEGOTIATING COMMITTEE, TEAMSTERS LOCAL UNIONS 24,
25, 26, 29, 71, 110, 118, 171, 200, 249, 299, 317, 330, 364,
397, 413, 430, 449, 470, 557, 639, 641, 653, 705, 707, 710,
957 and 992, affiliated with the INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, and all defendant employees represented by
Teamster local unions, Charles AGUIRRE, et al.**

---

The Teamsters National Freight Industry Negotiating Committee,

Teamsters Local Unions 24, 25, 26, 29, 71, 110, 118, 171, 200, 249,



299, 317, 330, 364, 397, 413, 430, 449, 470, 557, 639, 641, 653, 705, 707, 710, 957, and 992, all affiliated with the International Brotherhood of Teamsters, and all defendant employees who are represented by any Teamster Local Union, Charles AGUIRRE et al. (collectively the "Brotherhood"), hereby answer the Amended and original Interpleader Complaints and file this cross claim against defendant Liquidity Solutions, Inc. ("LSI"), as follows:

1.    The Brotherhood admits the allegations of ¶1 of the Interpleader Complaint and Amended Interpleader Complaint.

2.    The Brotherhood admits the allegations of ¶2 of the Interpleader Complaint and Amended Interpleader Complaint.

3.    The Brotherhood admits the allegations of ¶3 of the Interpleader Complaint and Amended Interpleader Complaint.

4.    The Brotherhood admits the allegations of ¶4 of the Interpleader Complaint and Amended Interpleader Complaint.

5.    The Brotherhood admits the allegations of ¶5 of the Amended Interpleader Complaint.

6.    The Brotherhood admits the allegations of ¶6 of the Amended Interpleader Complaint.

7.    Answering ¶7 of the Amended Interpleader Complaint and ¶5 of the original Interpleader Complaint, the Brotherhood admits that LSI is a corporation with a place of business in Hackensack, New

2

Jersey.  The Brotherhood denies that LSI is a purchaser and transferee of each of the employees' claims, and lacks sufficient information to form a belief as to what assertion if any LSI is making concerning such claims, and therefore denies the remaining allegations of ¶7 of the Amended Interpleader complaint (¶5 of the original Interpleader Complaint).  The Brotherhood denies that LSI is entitled to receive any distributions to be made under the Plan on account of any claim by a person represented by the Brotherhood, and lacks sufficient information to form a belief as to what assertion if any LSI is making concerning such distributions, and therefore denies the remaining allegations of ¶7 of the Amended Interpleader complaint (¶5 of the original Interpleader Complaint).

8.   The Brotherhood admits the allegations of ¶8 of the Amended Interpleader Complaint and ¶6 of the original Interpleader Complaint.

9.   The Brotherhood lacks sufficient information to form a belief concerning the allegations of ¶9 of the Amended Interpleader Complaint, except that it admits KAVANAUGH, KELLER, and KENNEY are not represented by the Brotherhood and are not among its members.

10.   The Brotherhood admits the allegations of ¶10 of the Amended Interpleader Complaint and ¶7 of the original Interpleader Complaint.

11.   Answering ¶11 of the Amended Interpleader Complaint and ¶8 of the original Interpleader Complaint, the Brotherhood lacks sufficient information to form a belief as to the allegations of ¶11 of the Amended Interpleader Complaint and ¶8 of the original Interpleader Complaint.   The Brotherhood admits that it has notified Preston that if Preston pays any portion of the Teamster distribution to LSI, such distributions would be wrongful and in violation of the Plan, and the Brotherhood will seek recovery from Preston for such distributions.

12.   The Brotherhood admits the allegations of ¶12 of the Amended Interpleader Complaint and ¶9 of the original Interpleader Complaint.

13.   Answering ¶13 of the Amended Interpleader Complaint, the Brotherhood incorporates by reference its responses to ¶¶1-12 of the Amended Interpleader Complaint as if fully re-alleged here. Answering ¶10 of the original Interpleader Complaint, the Brotherhood incorporates by reference its responses to ¶¶1-9 of the original Interpleader Complaint as if fully re-alleged here.

14.   The Brotherhood admits the allegations of ¶14 of the Amended Interpleader Complaint and ¶11 of the original Interpleader Complaint.

4

15.   The Brotherhood admits the allegations of ¶15 of the Amended Interpleader Complaint and ¶12 of the original Interpleader Complaint.

16.   The Brotherhood admits the allegations of ¶16 of the Amended Interpleader Complaint and ¶13 of the original Interpleader Complaint.

## CROSS-CLAIM AGAINST LIQUIDITY SOLUTIONS, INC.

17.   Cross-Claim Plaintiff Teamsters National Freight Industry Negotiating Committee ("TNFINC") is a committee of representatives appointed by the International Brotherhood of Teamsters to negotiate collective bargaining agreements in the organized freight industry in the United States.   TNFINC is a party to several collective bargaining agreements with Preston and is the exclusive representative of its driver and other employees in an appropriate unit for bargaining in conjunction with a Teamster Local Union.

18.   The International Brotherhood of Teamsters ("IBT") is a labor organization within the meaning of the National Labor Relations Act and Labor Management Relations Act, 29 U.S.C. §§151 et seq., and charters various local unions.   IBT appoints TNFINC to negotiate collective bargaining agreements in the organized freight industry in the United States.

19.   Teamsters Local Unions 24, 25, 26, 29, 71, 110, 118, 171, 200, 249, 299, 317, 330, 364, 397, 413, 430, 449, 470, 557, 639, 641, 653, 705, 707, 710, 957, and 992, all affiliated with the International Brotherhood of Teamsters (collectively the "Teasmter local unions"), are labor organizations within the meaning of the National Labor Relations Act and Labor Management Relations Act, 29 U.S.C. §§151 et seq.   Each local union is also a party to a collective bargaining agreement with Preston and is the exclusive representative of its driver and other employees in an appropriate unit for bargaining in conjunction with TNFINC.

20.   Employee Defendants Charles AGUIRRE et al., except KAVANAUGH, KELLER, and KENNEY, are former employees of Preston in a bargaining unit represented by TNFINC and one of the Teamster Local Unions in ¶19 above.  AGUIRRE and the other former employees, except for KAVANAUGH, KELLER, and KENNEY, are collectively referred to herein as the "Teamster employee cross-claim plaintiffs."

21.   The following Teamster employee cross-claim plaintiffs also conveyed to the attorney for the International Brotherhood of Teamsters the full power to settle or otherwise dispose of their claims and to accept distributions on their behalf: Charles AGUIRRE, Carl BAKER, Harold BRINKLEY, Jerry BROWN, Antoine CANNADY, Stephen CHILDRESS, Jeffrey CLAYTON, Wayne K. DUNN, William FOX,

6

Robert HAMBERGER, Raymond HAWKINS, Gary R. LEHR, Clyde LENTZ, Joseph MANASIA, Anthony J. MAYER, Fred L. McKENEY, Stuart L. SEARS, Raymond D. SMELTZER, Michael SOOKOO, Paul STARR, Barry UNCAPHER, Patrck WALCOTT, and Stephen WALDEN.  The IBT filed these Powers of Attorney with the court.

22.  For and on behalf of TNFINC, the Teamster local unions, and all Teamster employee cross-claim claimants, the IBT filed a notice of appearance by counsel in this Chapter 11 case on or about August 12, 1999.  The IBT appeared for TNFINC, all Teamster local unions and all Teamster employee cross-claim plaintiffs in Adversary No. 99-5830 regarding claims for damages under the Worker Adjustment Retraining Notification Act, 29 U.S.C. §§2101 et seq.

23.  Upon information and belief, Liquidity Solutions, Inc. is a corporation with a place of business in Hackensack, New Jersey.


FIRST COUNT: VIOLATION OF ETHICAL DUTIES AND LOCAL RULES

24.  Robert Minkoff ("Minkoff") is and at all times material to this action was an attorney at law and an officer of Liquidity Solutions, Inc.

25. At various times commencing in Autumn 1999 and continuing thereafter, Minkoff contacted the Teamster employee cross-claim plaintiffs in writing or by phone, or both, to solicit their

7

signatures upon a document entitled "Assignment of Claim" and "Consent and Waiver."

26. Liquidity Solutions, Inc. prepared the document entitled "Assignment of Claim" and "Consent and Waiver" for each Teamster employee cross claim plaintiff. Each such document contained the following sentence, in which "Assignor" referred to the Teamster Employee cross claim plaintiff and Assignee referred to Liquidity Solutions, Inc.: "Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned."

27. Minkoff knew or should have known that the Teamster employee cross-claim plaintiffs were represented by counsel in this Chapter 11 case.

28. Notwithstanding his actual or imputed knowledge that the Teamster employee cross-claim plaintiffs were represented by counsel, Minkoff and Liquidity Solutions, Inc. solicited the Teamster employee cross claim plaintiffs to revoke their powers of attorney in favor of union counsel and to replace them with a power of attorney in the name of Liquidity Solutions, in violation of the Maryland Rules of Professional Conduct 4.2, applicable in this

8

district by virtue of the Local Rule 704 of the Rules of the United States District Court for the District of Maryland. Minkoff and Liquidity Solutions, Inc., reasonably should have known that by contacting the Teamster employee cross claim plaintiffs directly and by-passing their counsel, he and it were acting in violation of Maryland Ethical Rule §4.2.

29.   The assignments allegedly signed by Teamster employee cross-claim plaintiffs were procured through unlawful and unethical means and are therefore void and otherwise legally unenforceable.

### SECOND COUNT: CONTRACT OF ADHESION, MISREPRESENTATION, MISTAKE, UNDUE INFLUENCE AND FRAUD

30.   The assignments allegedly made by Teamster employee cross-claim plaintiffs were prepared by Liquidity Solutions, Inc. to solicit the right to take employee distributions, but were made to appear as though the individual Teamster employee cross claim plaintiffs were soliciting Liquidity Solutions, Inc.

31.   There was unequal bargaining power between Liquidity Solutions, Inc. and the Teamster employee cross-claim plaintiffs, with Liquidity Solutions, Inc. having an overbearing advantage over the Teamster employee cross-claim plaintiffs.

32.   Liquidity Solutions, Inc. ("LSI") and its agent Minkoff took advantage of its superior position to the detriment of

employees by various methods, including but limited to the following ways:

a.  By preparing a complex, lengthy document written in arcane legal terms that LSI and Minkoff knew or should have known would not be understood by truck driver employees they were soliciting;

b. By circumventing their legal and union representatives to ensure that the Teamster employee cross-claim plaintiffs would not have the benefit of sound legal advice in deciding whether or not to sign the documents;

c.  By choosing to make the solicitations at the end of each calendar year in 1999 and 2000 to take advantage of the employees' need for cash during the traditional holiday season;

d.  By representing falsely that LSI was acting as the "attorney" for the Teamster employee cross-claim plaintiffs when in fact LSI had no intention of acting to protect the interests of the Teamster employee cross-claim plaintiffs, and in fact neither acted as their attorney nor took any action of any kind to protect their alleged claims or interests;

e.  By falsely representing to one or more Teamster-represented employees that (i) the Teamsters union was not effectively representing them in the WARN Act and other bankruptcy proceedings, (ii) that employees would not receive their

10

distributions for many years, that employees would not likely receive a substantial share of their real alleged claims in this case, (iii) that vendors would be paid ahead of employee priority claims and that employees were therefore in danger of receiving nothing at all if they did not sign the LSI documents, and (iv) that LSI was offering employees a fraction of their alleged claims as a benefit to employees who would otherwise probably receive little or nothing on their claims;

f.   By offering employees approximately one-third of their alleged face claim amounts when LSI knew or reasonably should have known that employees would receive all of the claim amounts as priority claims plus an additional sum for the WARN Act settlement, thereby effectively charging employees an interest rate of 185%;

g.  By imposing upon employees a penalty clause requiring them to disgorge their claim amounts to LSI plus 10% if the court did not allow their claims in full; and

h.   By misrepresenting to one or more Teamster-represented employees that LSI was not purchasing their entire alleged claims or that they would receive additional distributions from LSI at a later time.

33.   Some or all of the Teamster employee cross-claim plaintiffs signed the assignments and waivers by reason of mistake,

11

believing that signature was required to participate in bankruptcy distributions or that the documents tendered were issued by the court or the debtor, such mistake being caused at least in part by the foregoing misconduct by LSI and Minkoff.

34.    The alleged assignments are unconscionable and unduly oppressive, and therefore not valid or enforceable.

35.    On behalf of all Teamster employee cross-claim plaintiffs, the IBT offered to return to LSI the alleged proceeds of the alleged claim assignments, which offer was rejected by LSI through its attorney.


THIRD COUNT: VIOLATION OF LABOR LAW

36.    TNFINC, the Teamster local unions, and the IBT are the exclusive representatives of all Teamster employee cross-claim plaintiffs for purposes of enforcement of the collective bargaining agreement and the WARN Act.

37.    This exclusive representative status, granted by the National Labor Relations Act, Labor Management Relations Act and WARN Act, cannot be waived by individual employees and cannot be assigned to any other person, labor organization, or other entity, except in accordance with the election and certification processes contained in the applicable labor relations statutes.

12

38.   TNFINC, the Teamster local unions, and the IBT settled all claims arising under the collective bargaining agreements and the WARN Act in this case on behalf of their members and employees that they represent for a lump sum in the approximate amount of Eighteen Million Four Hundred Forty-Three Thousand Five Hundred One Dollars and No Cents ($18,443,501.00).  All amounts allegedly owed to any individual Teamster employee class-claim plaintiff is derived from this settlement and is included in this lump sum.

39.   Under Preston's reorganization plan in this case, approved by the court, the IBT had and continues to have the sole discretion to distribute the lump sum settlement amount among its represented employees.

40.   At no time did IBT agree with LSI to sell any portion of the claims underlying the lump sum settlement in the plan.   No official, agent or other authorized person signed a consent or waiver form with LSI, or any assignment form, or otherwise consented to any distribution of any kind to LSI from the lump sum.

41.   The lump sum is the sole property of the IBT as fiduciary for its members and represented employees, subject only the duty of fair representation imposed by United States labor laws.

42.   Any attempt to convey all or any part of the lump sum settlement, allegedly as part of an employee claim, or otherwise,

13

constitutes a violation of §301 of the Labor Management Relations Act, §9 of the National Labor Relations Act, and other applicable federal labor laws, and is void and of no legal effect.

WHEREFORE the Brotherhood respectfully asks this court—

A.  Grant the relief requested by Preston in the original and Amended Interpleader Complaints, including the payment into court of a sum equal to the net aggregate distributions to the Teamster employee cross-claim plaintiffs, but denying Preston its costs and attorney's fees from the Brotherhood or any employee's share of the distribution; and

B.  Enter an order declaring that the IBT is the sole owner of the amount so paid into court; and

C.  Enter an order directing Preston to pay this sum to the Teamster employee cross-claim plaintiffs in such shares as the IBT shall direct, in accordance with the plan of reorganization; and

D.  Enter an order declaring that all alleged assignments, consents, or other contracts concerning the amount so paid between Teamster employee cross-claim plaintiffs and Liquidity Solutions, Inc., are void and of no legal or other effect; and

E.  Award to the Brotherhood punitive damages and its costs and attorney fees from Liquidity Solutions, Inc.; and

14

F.   Award the Brotherhood interest from Liquidity Solutions, Inc., on the distribution withheld in ¶A above; and

G.   Make an appropriate order concerning the violations of local court rules and ethical rules committed by Liquidity Solutions and its agents; and

H.   Provide to the Brotherhood such other and further relief as to the court seems just.

Dated this Twenty-Ninth Day of June, 2001.

Frederick Perillo
Previant, Goldberg, Uelmen,
Gratz, Miller & Brueggeman, S.C.
1555 North RiverCenter Drive
Suite 202
P.O. Box 12993
Milwaukee, WI 53212
Telephone 414.271.4500
Facsimile 414.271.6308

Co-Counsel:

Kimberly Bradley (23653)
Abato, Rubenstein & Abato, P.A.
Suite 320
809 Gleneagles Court
Baltimore, MD 21286
Telephone 410.321.0990
Facsimile 410.321.1419

Attorneys for the Teamsters National Freight Industry Negotiating Committee, Teamsters Local Unions 24 et al., the International Brotherhood of Teamsters, and employees represented by Teamster Local Unions, Charles Aguirre et al.

15

## Certificate of Service

I hereby certify that on this 29th day of June, 2001, I caused copies of the foregoing Answer to Interpleader Complaint and Amended Interpleader Complaint and Cross Claim to be served by first class mail, postage prepaid, upon the following:

Stephen E. Leach, Esquire
Venable, Baetjer & Howard, LLP
2010 Corporate Ridge, Suite 400
McLean, VA 22102-7847

Edmund A. Goldberg, Esquire
Office of the United States Trustee
300 West Pratt Street, Suite 350
Baltimore, MD 21201

Paul N. Silverstein, Esquire
Andrews & Kurth, LLP
805 Third Avenue
New York, New York 10022

Robert K. Minkoff, Esquire
Liquidity Solutions, Inc.
One University Plaza, Suite 518
Hackensack, NJ 07601

James A. Polsinelli, Esquire
Polsinelli Shalton & Welte
700 West 47th Street, Suite 1000
Kansas City, MO 64112-1802

_____
Frederick Perillo

U.S. BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND

In Re:                                    Case No. 99-59994-jfs
Preston Trucking Company, Inc.
                Debtor(s)                 Chapter 11

Preston Trucking Company, Inc.
                Plaintiff(s)              Adversary No. 1-5293-jfs
        vs.
Liquidity Solutions, Inc.
(See Attached List)                       **This Summons to be Served by Plaintiff.**
                Defendant(s)              **See Certificate of Service on Reverse.**

REISSUED SUMMONS AND NOTICE OF PRE-TRIAL CONFERENCE

To the above named defendants: Liquidity Solutions, Inc.  (see attached list)

        You are hereby summoned and required to file with this court and to
serve upon plaintiff's attorney at:

                Stephen E. Leach
                Venable, Baetjer et al.
                2010 Corporate Ridge, Ste. 400
                McLean, VA   22102

either a motion or an answer to the complaint which is now served upon you.

        If you elect to respond first by motion, as you may pursuant to
Bankruptcy Rule 7012, that rule governs the time within which your answer must
be served.  Otherwise, you are required to serve your answer upon plaintiff's
attorney within 30 days of the date of issuance of this summons by the clerk
except that the United States or an office or agency thereof shall serve an
answer to the complaint within 35 days after the date of issuance of the
summons.

        The motion or answer served by you must be filed with this court
either before service or within a reasonable time after service. IF YOU FAIL
TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED BY THE COMPLAINT.

        YOU ARE HEREBY NOTIFIED THAT A PRE-TRIAL CONFERENCE WITH RESPECT TO
THIS COMPLAINT HAS BEEN SET FOR:

                8/22/01 at 9:15            **FILED**
                U.S. Bankruptcy Court
                101 W. Lombard St.         JUL 0 3 2001
                Courtroom 9-D
                Baltimore, MD              U.S. BANKRUPTCY COURT
                                          DISTRICT OF MARYLAND
                                          BALTIMORE

                Richard C. Donovan
                Clerk of the Bankruptcy Court

[Seal of the U.S. Bankruptcy Court]   By:  Denise Smith
Date of issuance: July 3, 2001             ─────────────────
                                           Denise Smith
                                           Deputy Clerk

**ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY BOTH ADVERSARY
AND BANKRUPTCY CASE NUMBERS.**

Notice sent to:

        Stephen E. Leach, Esq.
        Venable, Baetjer et al.
        2010 Corporate Ridge, Ste. 400
        McLean, VA  22102

Adversary Proceeding No. 01-5293-JS

LIQUIDITY SOLUTIONS, INC.
One University Plaza
Suite 518
Hackensack, NJ 07601

     SERVE:    Robert K. Minkoff, Esquire
                    Liquidity Solutions, Inc.
                    One University Plaza, Ste. 518
                    Hackensack, NJ 07601

           - and-

AGUIRRE, Charles; ALIFF, Michael;
ALLEN, Robert E.; BAKER, Carl;
BARBOSA, Anthony; BATES, Jr., Andrew;
BELL, John W.; BIER, Bernard; BOWERS, James;
BRINKLEY, Harold; BROOKS, William;
BROWN, Jerry; BUCHAN, William P.;
BUCHANAN, Elwood; BURKINS, Gordon R.;
BUTCHER, Richard;
CERYANCE, Barry J.; CHILDRESS, Stephen;
CLAYTON, Jeffrey; COSTANZO, Anthony;
CUNNINGHAM, Robert; DAVIS, Thomas V.;
DECANTO, Nicholas; DINGES, Max;
DOANE, Billey; DRAYER, John; DUNN, Wayne;
ECREMENT, Robert; EDWARDS, Terry J.;
FINNEY, Melvin L.; FLYNN, Tony W.;
FOX, William; FRAITES, Jeffrey;

FURLOW, Louie; GALLION, Jason;                        }
GRAVES, David; GUTOWSKI, Paul;                        }
HALL, Jr., Paul W.; HAMBERGER, Robert;               }
HAWKINS, Raymond; HERMIDA, Sergio;                   }
HILLYARD, Gary; HOBBS, Myron;                         }
HOLSTLAW, Brian; HORTON, Webb;                        }
INNACE, Salvatore; JACKSON, James R.;                }
JAMES, Charles; JOHNSON, Kevin D.;                    }
KAVANAUGH, Timothy; KELLER, Robert;                  }
KENNEDY, Arthur; KENNEY, James;                       }
LANGILLE, Michael F.; LEE, Loren R.;                  }
LEHR, Gary R.; LENTZ, Clyde;                          }
LEPINE, Gary; MACLELLAN, Joseph;                      }
MANASIA, Joseph; MAYER, Anthony J.;                  }
MCKENEY, Fred L.; PONTORIERO, Michael;               }
REESE, Bryan C.; RICKETTS, Stanley E.;               }
RINNA, Alfred; SEARS, Stuart L.;                      }
SMELTZER, Raymond D.; SMITH, James B.;               }
SOOKOO, Michael; STARR, Paul;                         }
STEPHENS, Daniel; STOFANO, Ronald;                   }
STOJ, Stephen E.; TAGGART, Joseph;                    }
THURMAN, Kenneth; TODD, John W.;                      }
TROTT, Paul E.; UNCAPHER, Barry;                      }
VAN OSS, Michael; WALCOTT, Patrick;                  }
WALDEN, Stephen; WALTERS, Mardy;                     }
WATT, Patrick; WILSON, Timothy;                       }
WRIGHT, Erik; YOAKAM, Gary;                           }
and ZIEMBA, Robert,                                   }
                                                      }
    SERVE:   Each Individual Defendant at the          }
                Addresses Listed on Exhibit A                  }
                                                      }
                -and-                                         }
                                                      }
THE TEAMSTERS NATIONAL FREIGHT                        }
  INDUSTRY NEGOTIATING COMMITTEE                      }
AND TEAMSTER LOCAL UNIONS                             }
affiliated with the INTERNATIONAL                     }
BROTHERHOOD OF TEAMSTERS                              }
(as statutory and contractual representative of       }
certain former employees of Preston Trucking          }
Company, Inc., named as Employee Defendants           }
herein)                                               }
25 Louisiana Avenue, NW                               }
Washington, DC  20001                                 }

-2-

::ODMA\PCDOCS\MC1DOCS1\87936\2